**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

LORAN BARNETT,

    Plaintiff,                                    CASE NO.

v.

BRACHFELD LAW GROUP, P.C.,

    Defendant.
_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LORAN BARNETT ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, BRACHFELD LAW GROUP, P.C. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Boca Raton, Palm Beach County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office located in Torrance, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Since on or about April 25, 2010, Defendant began placing collection calls to Plaintiff seeking and demanding payment for an alleged debt on a Sears credit card, owned by Citibank.

12. On or about April 27, 2010, Plaintiff received a collection call at her place of employment from the telephone number 866-834-3556. The woman on the telephone identified herself as Tinesha at Brachfeld Law Group.

13. Plaintiff was transferred to Jay Williams ("Williams"), who identified himself as "Operations Manager."

14. Plaintiff explained to Williams that she was awaiting validation of the debt, to which he responded that Plaintiff needed to pay the debt "or else".

15. Defendant stated to Plaintiff that the debt or a part of the debt was (Plaintiff's) and no validation was needed.

16. Williams informed Plaintiff that the debt was too small to dispute.

17. Williams stated to Plaintiff that the debt did not have to be validated because Plaintiff signed for a Sears card.

18. Williams further stated that if Plaintiff did not pay that day then they would "go after" Plaintiff and her credit.

19. Williams elaborated by stating that the Defendant and others would make continuous inquiries on Plaintiff's credit report to "drive down" the score and then create a "snowball effect" with charges and fees, so Plaintiff would have to pay thousands of dollars for the debt.

20. Williams concluded by stating to Plaintiff that she had better know what was good for her and pay today.

21. Finally, Williams threatened to report that Plaintiff "refused to cooperate" and hung up the phone on Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

22. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the

natural result is the abuse and harassment of the Plaintiff;

b) Defendant violated §1692d(2) of the FDCPA by using language the natural consequence of which is to abuse or harass Plaintiff;

c) Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of a debt;

d) Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt Defendant is attempting to collect; and

e) Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

23. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

24. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

25. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x230
Fax: (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LORAN BARNETT, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, LORAN BARNETT, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LORAN BARNETT, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 5-11-10

_____
LORAN BARNETT,
Plaintiff